# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# ATHENS DIVISION

| | |
|---|---|
| **TAWANNA SHAKETIA WILSON,**[1]<br><br>*Plaintiff*,<br><br>v.<br><br>**OGLETHORPE SUPERIOR COURT,** *et al.*,<br><br>*Defendants.* | **CIVIL ACTION NO.**<br>**3:25-cv-00026-TES** |

## ORDER

In her Complaint [Doc. 1], pro se Plaintiff Tawanna Wilson brings numerous claims against Defendants Oglethorpe Superior Court and Antonio Wilson related to dispossessory proceedings. Plaintiff also filed a Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2].

### **Motion for Leave to Proceed In Forma Pauperis**

Authority for granting a plaintiff permission to file a lawsuit without prepayment of fees and costs is found in 28 U.S.C. § 1915, which provides as follows:

---

[1] Plaintiff is no stranger to the Middle District of Georgia. The Court has dismissed several cases she filed as frivolous or for failure to state a claim. *See, e.g.*, Order on Motion to Proceed *In Forma Pauperis*, *Wilson v. Judge Coile*, 3:22-cv-66-CAR (M.D. Ga. June 27, 2022), ECF No. 3; Text Order, *Wilson v. Wilson*, 3:22-cv-00063-CDL (M.D. Ga. June 6, 2022), ECF No. 5 ("Having reviewed Plaintiff's emergency motion for stay of the dispossessory order of the state court, the Court finds that Plaintiff has stated no plausible basis for federal jurisdiction, and if she did, abstention principles would counsel this Court from interfering with the adequate process established under state law for Plaintiff to have her grievances heard. Accordingly, Plaintiff's motion is denied.").

> [Generally], any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses[2] that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

28 U.S.C. § 1915(a)(1). A plaintiff's application is sufficient to warrant a waiver of filing fees if it "represents that the litigant, because of [her] poverty, is unable to pay for the court fees and costs, and to support and provide necessities for [herself] and [her] dependents." *Id.* at 1307. After reviewing Plaintiff's application, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2] or, stated differently, grants her IFP status.

### FRIVOLITY SCREENING

**I.    Legal Standard**

Since Plaintiff is proceeding *in forma paurperis*, 28 U.S.C. § 1915(e) requires the Court to review his Complaint to determine whether it is frivolous or malicious or fails to state a claim for which relief may be granted.[3] 28 U.S.C. § 1915(e)(2)(B)(i)–(ii). The proper contours of the term "frivolous," have been defined by the Supreme Court to

---

[2] "Despite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed [*in forma pauperis*]." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[3] The Eleventh Circuit has determined that "28 U.S.C. § 1915(e), which governs proceedings *in forma pauperis* generally . . . permits district courts to dismiss a case 'at any time' if the complaint 'fails to state a claim on which relief may be granted.'" *Robinson v. United States*, 484 F. App'x 421, 422 n.2 (11th Cir. 2012) (per curiam); *see also* 28 U.S.C. § 1915(e)(2)(B)(ii).

encompass complaints that, despite their factual allegations and legal conclusions, lack an arguable basis either in law or in fact. *Neitzke v Williams*, 490 U.S. 319, 325 (1989). These types of complaints are subject to sua sponte dismissal by a district court. *Id.* at 324 (noting that dismissals under § 1915(e) "are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints[]").

More specifically, to survive this initial screening, a claim must contain "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Federal Rule of Civil Procedure 12(b)(6) "authorizes a court to dismiss a claim on the basis of a dispositive issue of law." *Neitzke*, 490 U.S. at 326 (citing *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). Such dismissal procedure—operating on the assumption that the factual allegations in the complaint are true—streamlines litigation by dispensing with unnecessary discovery and factfinding. *Id.* "Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously unsupportable." *Id.* at 327. To the contrary, if it is clear, as a matter of law, that no relief could be granted under "any set of facts that could be proven with the allegations," a claim must be dismissed. *Id.* (quoting *Hishon*, 467 U.S. at 73).

Frivolity review under § 1915(e), on the other hand, has a separate function. Section 1915(e) is designed to discourage the filing of—and waste of judicial and private resources upon—baseless lawsuits that paying litigants generally do not initiate due to

filing costs and the potential threat of sanctions associated with filing such a lawsuit. *Id.* "To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of [a] complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Id.* Even though Rule 12 and § 1915(e) both counsel dismissal and share "considerable common ground" with each other, one dismissal standard does not invariably encompass the other. *Id.* at 328. "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against [a] plaintiff, dismissal on Rule 12(b)(6) grounds is appropriate, but dismissal on the basis of frivolousness is not." *Id.*

## II.  **Plaintiff's Complaint**[4]

According to Plaintiff's Complaint, she seeks an emergency stay order "to prevent the Arbitrary Theft, and Unlawful removal and dispossession of [her] property and land rights as an American Indian 1[.]" [Doc. 1-1, p. 1]. From the state-court documents Plaintiff filed with her Complaint, it appears that on August 29, 2024, Judge Phelps of the Superior Court of Oglethorpe County entered a judgment granting Antonio Wilson a writ of possession against Plaintiff. [Doc. 1-3, p. 1]. Plaintiff then filed a Motion for Leave to Appeal, *see* [Doc. 1-6], however, there is no additional

---

[4] Complaints filed by pro se parties are construed liberally, and their allegations are held to a less stringent standard than formal pleadings drafted by lawyers. *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003).

4

information regarding the appeal in the record.

In this action, Plaintiff claims she and Defendant Wilson never entered into a contractual relationship, and the Superior Court of Oglethorpe County violated her rights under the Fifth and Fourteenth Amendments by refusing to bring relief and refusing paperwork. [Doc. 1, p. 4].

First, the Superior Court of Oglethorpe County is not a legal entity subject to 42 U.S.C. § 1983 suit. *Isaac v. Georgia*, No. 5:13-CV-447-MTT-MSH, 2013 WL 6532031, at *3 (M.D. Ga. Dec. 12, 2013). Even more, the Superior Court—as an arm of the State of Georgia—is immune from liability for suits brought in federal courts. *Stegeman v. Georgia*, 290 F. App'x 320, 322 (11th Cir. 2008); *Kaimowitz v. Fla. Bar*, 996 F.2d 1151, 1155 (11th Cir. 1993). Additionally, Judges are absolutely immune from lawsuits for money damages involving acts taken in their judicial capacities unless they act in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). Similarly, staff members of a judge "are encompassed by a judge's absolute immunity when their official duties have an integral relationship with the judicial process." *Roland v. Phillips*, 19 F.3d 552, 555 (11th Cir. 1994) (internal quotation marks omitted).[5]

The *Rooker–Feldman* doctrine further bars the Court from considering Plaintiff's

---

[5] Additionally, the Anti-Injunctions Act prohibits federal courts from issuing injunctions to stop state-court proceedings absent express authority from Congress. No such authority is present here. 28 U.S.C. § 2283; *CSS Ests. of McDonough Woodward Mgmt. Partners v. Dukes*, No. 1:17-CV-2298-WSD, 2017 WL 3474462, at *2 (N.D. Ga. Aug. 14, 2017).

claims. Under *Rooker–Feldman,* a United States District Court has no authority to review the final judgments of a state court, except in the context of an application for a writ of habeas corpus or general constitutional challenge to a state rule or statute. *See D.C. Ct. of Appeals v. Feldman,* 460 U.S. 462, 476–82 (1983); *Rooker v. Fidelity Tr. Co.,* 263 U.S. 413, 415–16 (1923). Thus, when a plaintiff files a civil rights action related to an issue she has already litigated in state court, the district court must determine whether the plaintiff seeks constitutional review of a rule or statute that was relied upon by the state court or, instead, contends that the state court committed a constitutional error in arriving at its decision. *Feldman,* 460 U.S. at 486–87. "A district court has jurisdiction to hear suits concerning the former but not the latter." *Pugh v. Windom,* No. 2:13–cv–0509, 2013 WL 6145642, at *2 (M.D. Ala. Nov. 21, 2013). Plaintiff's suit falls within the latter category, and this Court lacks jurisdiction to review the Superior Court's decision. *See Carey v. Free,* 272 F. App'x 875, 876 (11th Cir. 2008); *see also Restivo v. Bank of Am. NA*, No. 3:18-CV-68 (CAR), 2019 WL 1117910, at *2 (M.D. Ga. Mar. 10, 2019) (dismissing a similar claim under the Rooker-Feldman doctrine because the "Plaintiff blatantly request[ed] that this Court nullify the Superior Court's Final [Dispossessory] Judgment").

As to Defendant Wilson, Plaintiff does not clearly bring any legal claims against him. Sure, Plaintiff argues that the two never had a contract, *see* [Doc. 1, p. 4], but that is not a legal claim. To the extent that Plaintiff intends to bring state-law claims against Wilson, this Court does not have jurisdiction over such claims. First, Plaintiff does not

6

allege that Wilson is a state actor for purposes of § 1983 or any other federal statute. Second, Plaintiff and Wilson are both residents of Georgia; therefore, this Court lacks diversity jurisdiction.[6]

## CONCLUSION

In sum, Plaintiff's Complaint is without merit and warrants no further attention from the Court. Accordingly, the Court **GRANTS** Plaintiff's Motion for Leave to Proceed *In Forma Pauperis* [Doc. 2], but ultimately **DISMISSES** Plaintiff's Complaint [Doc. 1] as frivolous.

**SO ORDERED**, this 27th day of March, 2025.

*S/ Tilman E. Self, III*
**TILMAN E. SELF, III, JUDGE**
**UNITED STATES DISTRICT COURT**

---

[6] Plaintiff references several provisions of Title 18—generally known as the federal criminal title. Title 18 does not generally create private rights of action. *Love v. Delta Air Lines*, 310 F.3d 1347, 1352 (11th Cir. 2002); *Anthony v. Comcast*, No. 1:23-CV-03312-SCJ, 2024 WL 3740149, at *2 (N.D. Ga. July 2, 2024) ("Title 18 generally does not create civil liability or a private right of action, and private parties may not maintain suit under most Title 18 provisions.").